UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONEL FRANCO-AVINA,

    Petitioner,

v.

CARMEN D. PALMER,

    Respondent.

_____/

Case No. 1:14-cv-566

HON. JANET T. NEFF

## OPINION AND ORDER

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that this Court deny the petition (ECF No. 20). The matter is presently before the Court on Petitioner's objections to the Report and Recommendation (ECF No. 24). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

Petitioner sets forth eight, numbered objections. In the first, Petitioner asserts the Magistrate Judge erred in finding "the erroneous [jury] in[st]ruction is procedurally defaulted because Petitioner's trial counsel failed to object to it, and that counsel's failure did not rise to the level of a sixth amendment violation" (Pet'r Obj., ECF No. 24 at PageID.1165; R&R, ECF No. 20

at PageID.1135-1138).[1] Petitioner misreads the Report and Recommendation. The jury instruction issue was determined on its merits. The Magistrate Judge properly applied case law and determined that Petitioner failed to show the given instruction was incorrect under state law (*id*. at 1137). Petitioner's assertion that counsel's failure to object to the jury instruction contributed to counsel's overall ineffectiveness is moot, since the issue lacks merit. This objection is denied.

Petitioner's second objection is to the Magistrate Judge's finding that Petitioner failed to show admission of the testimony of witnesses Thomas L. Coe and Trooper Joseph Young was contrary to Supreme Court precedent (Pet'r Obj., ECF No. 24 at PageID.1166; R&R, ECF No. 20 at PageID.1141-1142). Petitioner acknowledges Michigan's Rules of Evidence apply in his case, but asserts *Daubert v. Merrell Dow Pharmaceuticals, Inc*.[2] should control based on the comment to Michigan Rule of Evidence 702, which states it is identical to Federal Rule of Evidence 702 (ECF No. 24 at PageID.1166). As noted by the Magistrate Judge, "[t]he court may only grant relief if Petitioner is able to show that the state court's evidentiary ruling was in conflict with a decision reached by the Supreme Court on a question of law or if the state court decided the evidentiary issue differently than the Supreme Court did on a set of materially indistinguishable facts" (ECF No. 20 at PageID.1139-1140, citing *Sanders v. Freeman*, 221 F.3d 846, 860 (6th Cir. 2000)). The Magistrate Judge correctly concluded that Petitioner failed to show either basis upon which relief may be granted. This objection is denied.

---

[1] Petitioner labels this "issue V concerning the erroneous instruction"; however, the erroneous jury instruction was referenced as Issue III in the Report and Recommendation (ECF No. 20 at PageID.1125). Petitioner's argument focuses on the jury instruction. Therefore, that is the issue the Court addresses.
[2] 509 U.S. 579 (1993)

Petitioner's third objection is to the Magistrate Judge's finding that he failed to show the interpreter was inadequate (Pet'r Obj., ECF No. 24 at PageID.1167; R&R, ECF No. 20 at PageID.1145). Despite taking a different path for this objection than he did in his petition (a general assertion of the interpreter's failure to explain the proceedings, as opposed to failure of the Court to qualify the interpreter as an expert), the conclusion is not altered. As the Magistrate Judge observed, Petitioner has no recognized constitutional right to a court-appointed interpreter. *See Nguyen v. Booker*, 496 F. App'x 502, 506 (6th Cir. 2012). Therefore, this is not an issue upon which habeas relief can be granted. The Magistrate Judge's conclusion is proper. This objection is denied.

Petitioner's fourth objection is to the Magistrate Judge's finding that Petitioner failed to show the prosecutor improperly used a peremptory strike to remove one of two Latinos from the jury (Pet'r Obj., ECF No. 24 at PageID.1167; R&R, ECF No. 20 at PageID.1149). Petitioner's objection merely reiterates the claim in his petition. Petitioner failed to show that the prosecutor's proffered non-discriminatory reason for striking the juror was pretextual. The Magistrate Judge properly determined that Petitioner is not entitled to habeas relief based on the evidence before the Court. This objection is denied.

Petitioner's fifth objection is to the Magistrate Judge's determination that Petitioner failed to show ineffective assistance of trial counsel (Pet'r Obj., ECF No. 24 at PageID.1168; R&R, ECF No. 20 at PageID.1150-1153). Petitioner makes the claim of ineffective assistance of trial counsel based on his assertion that trial counsel failed to voir dire an expert witness, failed to challenge two jurors, and failed to provide "adversarial testing" of the prosecutor's case (ECF No. 24 at PageID.1168). Petitioner does not offer any specific assertions of factual or legal error in his

objection,[3] but merely states generally that counsel did not meet the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). The Report and Recommendation demonstrates the Magistrate Judge's careful review of the facts of the case under the proper legal standards (ECF No. 20 at PageID.1150-1154). The Magistrate Judge's conclusion is sound. This objection is denied.

Petitioner's sixth objection is to the Magistrate Judge's statement that Petitioner's claim that his counsel did not provide adversarial testing for the prosecutor's case is "patently frivolous" (Pet'r Obj., ECF No. 24 at PageID.1168; R&R, ECF No. 20 at PageID.1154). Petitioner objects to the wording of the Report and Recommendation, however, the merits of the underlying finding have already been addressed here, and are not altered by Petitioner's objection. This objection is denied.

Petitioner's seventh objection is to the Magistrate Judge's finding that Petitioner failed to show ineffective assistance of appellate counsel (Pet'r Obj., ECF No. 24 at PageID.1168-1169; R&R, ECF No. 20 at PageID.1156). Again, Petitioner makes a general reassertion of his petition argument without asserting any specific legal or factual error made by the Magistrate Judge. Petitioner's conclusory statements do not change the analysis or conclusion properly reached by the Magistrate Judge. This objection is denied.

Petitioner's final objection is to the Magistrate Judge's recommendation that a certificate of appealability should be denied (Pet'r Obj., ECF No. 24 at PageID.1169; R&R, ECF No. 20 at PageID.1157). Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue

---

[3]*See* W.D. Mich. LCivR 72.3(b) (Written objections "shall specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections.").

or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's habeas claims debatable or wrong. A certificate of appealability will therefore be denied. Petitioner's objection is therefore also denied.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 24) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 20) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (ECF No. 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.

Dated: September 28, 2017            /s/ Janet T. Neff
                                                               JANET T. NEFF
                                                                United States District Judge